**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **REBECCA POE,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Civil Action No. 1:11-0945** |
| | ) | **Criminal Action No. 1:10-0118** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside

or Correct Sentence by a Person in Federal Custody.[1] (Document Nos. 32 and 37.) By Standing

Order, this matter was referred to the undersigned United States Magistrate Judge for submission

of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C.

§ 636(b)(1)(B). (Document No. 34.)

**FACTUAL BACKGROUND**

On October 5, 2010, Movant pled guilty to a single count Indictment charging her with

aiding and abetting bank fraud in violation of 18 U.S.C. § 1344 and 2. (Criminal Action No. 1:10-

0118, Document Nos. 19 - 21.) A Presentence Investigation Report was prepared. (Id., Document

No. 31.) The District Court determined that Movant had a Base Offense Level of 7, and a Total

Offense Level of 24, the Court having applied a sixteen-level enhancement pursuant to U.S.S.G. §

2B1.1(b)(1)(I) in view of the amount of the loss, a four-level enhancement pursuant to U.S.S.G.

§ 2B1.1(b)(14)(B)(I) because Movant's "offense substantially jeopardized the safety and soundness

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of a financial institution, and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)." (Id., Document No. 29.) The District Court sentenced Movant on July 25, 2011, to serve a 51-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 30.) The District Court also imposed a $100 special assessment and directed Movant to pay $2,406,804.00 in restitution. (Id.) Movant did not appeal her conviction or sentence to the Fourth Circuit Court of Appeals.

On November 28, 2011, Movant filed her letter-form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 32.) On the same day, the Clerk's Office sent Movant the appropriate form for filing a  Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 35.) On December 16, 2011, Movant filed her form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 37.) As grounds for *habeas* relief, Movant alleges as follows:

1.      Sentence Disparity:
        My co-defendant Pamela Mullins (1:10-cr-0012) was sentenced to 30 months compared to my sentence of 51 months. We were both charged with 1 count of aiding and abetting bank fraud, we both had a total of 24 points, and are both equally liable for $2.4 million in restitution. Neither of use have past criminal history. Ms. Mullins and I were both offered a plea agreement, which offered no sentence reduction. I did not sign because I did not want to give up my right to appeal on the "abuse of position of trust." I did, however, offer to plead guilty to the information saving the time and money of a grand jury indictment. I had already admitted my wrong doings so there was no need to go to the grand jury. Prosecuting Attorney Susan Robinson refused to let me plea guilty to the information. Therefore, a sentence disparity occurred when I was sentenced to 51 months compared to Ms. Mullins' 30 months.

2.      5K1.1 Post Booker Variance:
        Each time FBI and/or Prosecuting Attorney Susan Robinson asked me to meet with them, I did so willingly even before obtaining legal counsel. I explained how bank statements and corporate statements were written up to show balance explaining how deposits in transit were shown. I was asked about numerous

members, including but not limited to friends and family members, and truthfully told whether they benefitted from fictitious deposits or hand written/typed checks. I explained any check shown to me and went over loans, collateral, and insurance claims. I explained members including my own checking accounts and how non-sufficient drafts were not returned when money was not available to cover the checks. I explained that ACH withdrawals were not posted to accounts and that these transactions were not returned when funds were not available. I explained that wrong doing of those involved including myself honestly and to the best of my ability. I admitted my guilt from the beginning. My co-defendant was offered a downward departure after I was sentenced. Based on my co-operation, I should have been offered the 5K1.1.

3.      Ineffective Counsel:

My attorney FPD George Lancaster, Jr., did not represent me to the best of his ability. I was not fully aware of the pros and cons concerning the plea agreement. I did not sign based solely on the appeal issue. I was not aware that the prosecutor could make things harder on me for not signing. Had I a better understanding of the plea, it may have seemed like the better option. My attorney also never fought/argued for me to receive the 5k1.1 Considering my cooperation he should have argue this, but never went to the prosecuting attorney requesting it be given. 5k1.1 post booker was terminology I never encountered until after my incarceration. Mr. Lancaster did say a few words at sentencing about sentencing below the guideline, but never stressed the burden a longer sentence would have on my husband and children financially, or the emotional turmoil a longer sentence would have on my 2 daughters ages 11 and 16. My attorney did not mention to the court my oldest suffered and was treated for separation anxiety from ages 7 - 12. He also never mentioned a shorter sentence would allow me to get a job sooner to start paying back the high restitution. All of these points should have been presented at or before sentencing. My attorney's negligence violated my right to receive counsel as stated in the 5th and 6th Amendments.

(Id., pp. 4 - 8.) Movant, therefore, requests that "a sentence reduction be granted based on the grounds presented." (Id. p. 14.)

On December 26, 2012, Movant filed an "Amended Memorandum of Supporting Points and Authorities." (Id., Document No. 42.) Movant argues that sentencing judges should "avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct." (Id., p. 2.) Movant contends that "her indicted co-defendant did not give the grand jury any new information about her and the case that movant had not already given to the

prosecutor, and as such was, and is entitled to Rule 35 recommendations from the prosecutor." (Id.) Next, Movant asserts that the "determination of an appropriate sentence is any particular case requires and individualized assessment of the 'facts and circumstances presented by that the particular defendant.'" (Id.) Movant explains that the court must consider the factors set forth in 18 U.S.C. § 3553(a). (Id., p. 3.) Finally, Movant states that a "District Court may consider evidence of post sentence rehabilitation when re-sentencing a petitioner after his initial sentence has been set aside on appeal." (Id.) Movant explains that she "has completed 16 months of her 51 month sentence" and "is not the same woman that appeared before the court on July 21, 2011." (Id.) Movant states that she has "taken significant steps to transform her life and to begin preparing for re-entry into the society." (Id., pp. 3 - 4.) Movant, therefore, "requests that her Section 2255 motion be considered to modify her sentence by downward departure." (Id., p. 5.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to

4

establish his grounds by a preponderance of the evidence." <u>Sutton v. United States</u>, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

**1.     <u>Sentencing Disparity:</u>**

Movant argues that there is a sentencing disparity between her sentence and co-defendant's sentence. (Criminal Action No. 10-0118, Document No. 37, p. 4.) Movant complains that the District Court sentenced her co-defendant, Pamela Mullins, to 30 months and sentenced Movant to 51 months.  (<u>Id.</u>) Movant asserts that "[w]e were both charged with [one] count of aiding and abetting bank fraud, we both had a total of 24 points, and are both equally liable for $2.4 million in restitution. Neither of use have past criminal history." (<u>Id.</u>) Movant acknowledges that both were "offered a plea agreement, which offered no sentence reduction." (<u>Id.</u>) Movant explains that she did not accept the plea agreement "because I did not want to give up my right to appeal on the 'abuse of position of trust.'" (<u>Id.</u>) Movant alleges that "there was no need to go to the grand jury" as she offered to plead guilty to the information. (<u>Id.</u>)

"[I]t is well settled that codefendants and coconspirators may be sentenced differently for their commission of the same offense." <u>United States v. Rodriguez</u>, 473 Fed.Appx. 310 (4th Cir. 2012), citing <u>United States v. Pierce</u>, 409 F.3d 228, 235 (4th Cir. 2005). "A criminal sentence violates the Equal Protection Clause 'only if it reflects disparate treatment of similarly situated defendants lacking any rational basis.'" <u>Id.</u> The Fourth Circuit has recognized that mere disparity of sentence among co-defendants does not, in and of itself, suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants. <u>See United States v. Ellis</u>, 975 F.2d 1061, 1065 - 66 (4th Cir. 1992)(recognized that an otherwise proper sentence cannot be challenged on the basis of an alleged disparity between sentences of co-defendants), *cert. denied*, 507 U.S. 945, 113 S.Ct. 1352, 122 L.Ed.2d 733 (1993);

also see United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012)("comparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing), *cert. denied*, ___ U.S. ___, 133 S.Ct. 609, 184 L.Ed.2d 397 (2012); United States v. Truelove, 482 F.2d 1361 (4th Cir. 1973)(claim of disparate sentences imposed on co-defendants held to be without merit where the sentence did not exceed the statutory limits and it did not appear the defendant receiving the lengthier sentence was arbitrarily singled out).

A review of the record reveals that Movant was not arbitrarily singled out for a more severe punishment. Movant's circumstances were not similar to those of Ms. Mullins, who entered into a plea agreement as to the Information and provided substantial assistance to the Government. Although Ms. Mullins and Movant both had a Base Offense Level of 7 and a Total Offense Level of 24, the United States filed a Motion for Downward Departure as to Ms. Mullins' sentencing. (Criminal Action No. 10-120, Document Nos. 29 and 31.) In Ms. Mullins' case, the United States filed a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1, based on Ms. Mullins' substantial assistance. In support of the Motion, the United States stated as follows:

> Your Honor, the Government's motion for substantial assistance in this matter is based upon the defendant's testimony in the grand jury against her co - - coconspirator, for lack of a better word, or aider and abettor, Rebecca Poe. Ms. Mullins met with the United States - - well, she was initially interviewed by law enforcement. She met with the United States approximately a month later and provided the United States with information concerning her offense and the conduct also of Ms. Poe.
>
> During the course of the investigation Ms. Mullins determined that she should plead guilty pursuant to a plea agreement with the United States and cooperate with the United States. Ms. Poe declined such a plea. The United States proceeded to obtain an indictment against Ms. Poe, and I will advise the court that even though Ms. Poe did not plead guilty pursuant to a plea agreement, the United States was aware that she would plead guilty once she was indicted. So the motion is not necessarily based upon our ability to obtain an indictment or to gather more evidence against Ms. Poe, but rather is based on her willingness to plead and cooperate early. Her testimony in the grand jury was significant to the United State in one respect and that is it provided further information to the United States,

6

because both individuals had previously not been forthcoming with the United States with respect to the creation of manual checks and their joint role in assisting each other in the creation of manual checks. That information, I believe, became significant at sentencing, whereas both individuals - - at that point it was clear that they were jointly responsible for the entire loss. So the loss issue pretty much went away once the United States had obtained her testimony and obtained her full cooperation on that issue.

(Id., Document No. 31, pp. 5 - 6.) The District Court granted the United States' Motion, and reduced Ms. Mullins total offense level by seven levels resulting in a final offense level of seventeen. (Id., Document Nos. 29 and 31.) As to the Movant, the Government did not file a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1.[2] Unlike Ms. Mullins, Movant did not provide substantial assistance as to the prosecution of another individual.[3] United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011)("assistance is more than sufficient to justify the different sentences"), *cert denied*, ___ U.S. __, 132 S.Ct. 187, 181 L.Ed.2d 95 (2011); United States v. Evans, 242 Fed.Appx. 928, * 2 (4th Cir. 2007)(finding "no unwarranted sentencing disparity between [defendant's] sentence and

---

[2]  Movant appears to contend that she was entitled to a downward Departure pursuant to U.S.S.G. § 5K1.1 because she was cooperative with the Government. The undersigned notes that Movant did receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). (Criminal Action 1:10-118, Document No. 29, p. 5.)  Although Movant alleges that she was cooperative with the Government, the record reveals that Movant was not forthcoming concerning the use of manual checks. The Presentence Report reveals that "[d]uring her interview with investigators, she indicated that fictitious deposits was the only means used to obtain money from the credit union. Mr. Poe was then informed about what the investigation had revealed in regard to manual checks. She later provided investigators information in regard to the manual check scheme and admitted she was surprised when they confronted her with the questions about manual checks." (Criminal Action 1:10-118, Document No. 31, ¶ 92.) Even though Movant was not completely forthright and truthful with investigators, she was granted a reduction for acceptance of responsibility because she entered a guilty plea in a timely manner and was cooperative throughout the presentence interview and subsequently provided the documentation requested by the probation officer.  (*Id.*, Document No. 31, ¶ 94.)

[3]  The record reveals that Ms. Mullins' grand jury testimony was used to indict to Movant. (Criminal Action No. 1:10-0120, Document Nos. 29 and 31 and Criminal Action 1:10-118, Document No. 31, pp. 17 - 18.)

that of his co-defendant, based on the co-defendant's substantial assistance"), *cert. denied*, 552 U.S. 1157, 128 S.Ct. 1105, 169 L.Ed.2d 836 (2008); United States v. Hall, 977 F.2d 861, 864 (4th Cir. 1992)(finding that disparities in sentences among co-defendants may occur for a variety of reasons, including more lenient sentences due to substantial assistance motions). Based on the foregoing, the undersigned finds that Movant's sentence was not unconstitutionally disparate.

**2.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical

decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

## A.    *Failure to Explain Plea Agreement:*

Movant alleges that trial counsel was ineffective because she "was not fully aware of the pros and cons concerning the plea agreement." (Criminal Action No. 10-0118, Document No. 37, pp. 7 - 8.) Plaintiff, however, acknowledges that she "did not sign based solely on the appeal issue." (Id.) Plaintiff claims that "[h]ad I a better understanding of the plea it may have seemed like the better option." (Id.) Plaintiff further contends that trial counsel was ineffective because she did not receive a downward departure for substantial assistance. (Id.)

9

The undersigned finds no evidence indicating that trial counsel failed to properly explain the offered plea agreement. Movant acknowledges that she was offered the same plea agreement as Ms. Mullins, but she refused the offer because she wanted the right to appeal. A review of the Plea Agreement signed by Ms. Mullins reveals that it contained a "Waiver of Appeal and Collateral Attack."[4] (Criminal Action No. 1:10-cr-0120, Document No. 12, ¶ 12.) Additionally, it is clear that the Plea Agreement contained no provision that the Government would file a Motion for Downward Departure pursuant to U.S.S.G. § 5K1.1. (Id., Document No. 12.) The Court notes that it is unlikely that the Government would have filed a motion for downward departure if Movant would have plead guilty to the Information. The record clearly reveals that Ms. Mullins received a downward departure pursuant to U.S.S.G. § 5K1.1 based upon her grand jury testimony, which assisted in the indictment of Movant. (Criminal Action No. 1:10-0120, Document Nos. 29 and 31 and Criminal

---

[4] The Plea Agreement signed by Ms. Mullins contains a "Waiver of Appeal and Collateral Attack" stating as follows: (Criminal Action No. 1:10-cr-0120, Document No. 12, ¶ 12.)

Ms. Mullins is aware that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed by the District Court. Nonetheless, Ms. Mullins knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as the sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to adjusted offense level 29. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to adjusted offense level 22.

Ms. Mullins also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted about shall not apply to a post-conviction collateral attack or direct appeal based on the claim of ineffective assistance of counsel.

Action 1:10-118, Document No. 31, pp. 17 - 18.) Had both Ms. Mullins and Movant entered into
a plea as to the Information, it is unlikely that either would have received a reduced sentence for
substantial assistance. Based on the foregoing, the Court cannot find that trial counsel's performance
was constitutionally inadequate or that Movant was prejudiced by counsel's conduct.

### B.   *Downward Departure:*

Movant contends that trial counsel failed to argue for a downward departure. (Criminal
Action No. 10-0118, Document No. 37, pp. 5 - 7.) Movant states that "[c]onsidering my cooperation,
[counsel] should have argued this, but he never went to the prosecuting attorney requesting it be
given." (Id.) Movant complains that trial counsel "never stressed the burden a longer sentence would
have on my husband and children financially, or the emotional turmoil a longer sentence would have
on my 2 daughters ages 11 and 16." (Id.)

Based upon a review of the record, the undersigned finds that trial counsel was not
ineffective. First, Movant argues that she was entitled to a downward departure because she was
cooperative with the Government. The undersigned notes that Movant clearly received a three-level
reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). (Criminal Action 1:10-
118, Document No. 29, p. 5 and Document No. 31, ¶ 92 and 94.) Next, Movant contends that
counsel failed to request that the District Court sentence her below the Guideline range. The record
reveals, however, that trial counsel argued that factors existed under 18 U.S.C. § 3553(a) warranting
a variance in Movant's sentence. (Id., Document No. 29, pp. 2 - 3 and Document No. 31, pp. 32, 37 -
38.) The District Court, however, disagreed with trial counsel finding that a variance was
inappropriate in Movant's case. (Id., Document No. 29, pp. 2 - 3.) There is no indication that the
District Court would have imposed a lesser sentence had trial counsel "stressed the burden a longer
sentence would have on [Movant's] husband and children." In imposing Movant's sentence, the

District Court emphasized that a variance was inappropriate as it would undermine the deterrent effect of the sentence. (Criminal Action No. 1:10-0118, Document No. 29, p. 3.) Accordingly, the undersigned cannot find that trial counsel was ineffective.

## PROPOSED FINDINGS AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document Nos. 32, and 37.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 29, 2013.

R. Clarke VanDervort
United States Magistrate Judge

13